IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **GREGORY O. OLAGBEGI,** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-15-816 |
| **MONTGOMERY COUNTY**, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Gregory O. Olagbegi brings this action against Montgomery County, Maryland (the "County"), Montgomery County Police Department (the "Police Department"), Officer Paulo Bonturi, Sergeant Robert Perkins,[1] and Sergeant Robert Kamensky[2] (collectively, "Defendants") arising out of two traffic stops in which Mr. Olagbegi alleges that he was obeying the speed limit and was nevertheless issued speeding tickets. *See* ECF No. 1. Specifically, Mr. Olagbegi alleges that he was stopped illegally on the basis of his race, and that Defendants' (1) caused him emotional and psychological distress, (2) committed extortion, (3) falsified and manipulated evidence ("to ruin [his] life"), (4) harassed and intimidated him, and (5) engaged in racial profiling.[3] *Id.* at 2.[4] Presently before the Court is the Defendants' Motion to Dismiss for

---

[1] Officer Bonturi and Sergeant Perkins are named on the docket as "Bonduri" and "John Doe Officer 1," respectively, but are identified in the Complaint by their badge identification numbers. ECF No. 1 at 1. For ease of reference, where necessary, the Court will refer to these Defendants by their last names as identified in Defendants' Motion to Dismiss. ECF No. 5 at 1.

[2] Sergeant Kamensky is referred to in the Complaint as "Kamenski" and "Kimenski." ECF No. 1 at 1 & 10.

[3] The Complaint also alleges that Defendants "organized collusion to mete-out tickets arbitrarily to minorities without factual data," and forced him to "abjure [his] legal rights (guaranteed under [the] Constitution of [the]

failure to state a claim upon which relief can be granted (ECF No. 5) and Mr. Olagbegi's Motion for an Injunction (ECF No. 12). The Court has reviewed the record and deems a hearing unnecessary. *See* Local Rule 105.6 (D.Md.). For the reasons that follow, Defendants' Motion to Dismiss will be GRANTED, and Mr. Olagbegi's Motion for an Injunction will be DENIED.

I.   **BACKGROUND**

According to the Complaint, on February 19, 2015, Mr. Olagbegi, an African-American male, was driving his luxury vehicle on highway I-270 in Maryland with his cruise control set at 55 miles per hour when he was pulled over by Sergeant Perkins. ECF No. 1 at 4. Mr. Olagbegi was able to stop his vehicle in the distance of two light poles after he saw Sergeant Perkins illuminate his emergency lights. After Mr. Olagbegi pulled to the right side of the highway, Sergeant Perkins banged on Mr. Olagbegi's window and said, "Do you want to get me killed[?]" *Id.* Sergeant Perkins informed Mr. Olagbegi that he was driving at 74 miles per hour, which Mr. Olagbegi responded was "impossible" because he had his cruise control set at 55 miles per hour. *Id.* Eventually, Sergeant Perkins issued Mr. Olagbegi a ticket for driving at 94 miles per hour. Mr. Olagbegi asked whether a radar detector was used and protested the inconsistency between Sergeant Perkins's earlier statement and the ticket he issued. Sergeant Perkins replied that he "paced" Mr. Olagbegi to determine his speed and indicated that Mr. Olagbegi should "go to Court and ask the Judge ." *Id.* at 5. Following this incident, Mr. Olagbegi spoke with Sergeant Kamensky who "dismissed" him and said that he "doesn't care if [Mr. Olagbegi] report[s] to internal affairs or [the] county executive's office." *Id.* at 10.

---

United States of America—civil liberties)." ECF No. 1 at 2. Although purportedly separate claims according to the Complaint, these allegations appear to merely restate his underlying claim of unconstitutional racial profiling.

[4] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

A similar incident occurred on another occasion.[5] Mr. Olagbegi again had his cruise control set at 55 miles per hour, and, without using a radar detector, Officer Bonturi "came running up from behind" and pulled him over. *Id.* at 6–7. Officer Bonturi indicated that Mr. Olagbegi was driving 65 miles per hour. *Id.* Mr. Olagbegi alleges that these incidents occurred only because he is African-American and was driving in a luxury vehicle. *Id.* at 8–9.

Mr. Olagbegi initially filed this action, seeking a $3 million recovery, *id.* at 11, in the United States District Court for the District of Columbia. The action was subsequently transferred to this Court pursuant to 28 U.S.C. § 1404(a). ECF No. 2.

## II.  STANDARD OF REVIEW

Defendants have moved to dismiss Plaintiff's Complaint based on Fed. R. Civ. P. 12(b)(6), which permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). To survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be more than "labels and conclusion . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also id.* ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235–36 (3d ed.

---

[5] The Complaint only alleges that this second incident occurred on a "Saturday." ECF No. 1 at 6.

3

2004)). A complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See id.* at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)). Additionally, although pleadings of self-represented litigants must be accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

#### A. Motion to dismiss

##### 1. Civil rights violation

The Complaint does not specify whether Mr. Olagbegi seeks relief under state or federal law. Liberally construed, however, the Court presumes that Mr. Olagbegi is principally seeking to recover for deprivations of his civil rights under 42 U.S.C. § 1983, in particular, for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[6] *See, e.g., Hodge v. Gansler*, 547 F. App'x 209, 210 (4th Cir. 2013) ("Although there exists no federal claim for 'racial profiling,' in adherence to our obligation of construing the filings of a

---

[6] Defendants seem to have assumed that Mr. Olagbegi only asserted claims under Maryland tort law. *See* ECF No. 5-1 at 6–13 (discussing Maryland tort law and citing Maryland state authority). The Civil Cover Sheet to the Complaint, however, indicates that Mr. Olagbegi was intending to bring a cause of action under "28 U.S.C. § 1983." ECF No. 1-1 at 2. Because there is no statute codified at 28 U.S.C. § 1983 and the Complaint alleges that Defendants engaged in "racial profiling," the Court assumes Mr. Olagbegi intends to assert a cause of action under 42 U.S.C. § 1983. Although Defendants do not discuss the sufficiency of Mr. Olagbegi's complaint as so construed, the Court nevertheless finds that dismissal is appropriate. *See Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court[.]" (citing *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 308, 109 S. Ct. 1814 (1989))).

4

pro se party liberally, we construe Hodge's claim as one for a violation of the Equal Protection Clause of the Fourteenth Amendment." (citation omitted)). Unfortunately, liberal construction of the Complaint cannot save Mr. Olagbegi's claims from dismissal.

### i. Claims against Montgomery County, Maryland

Section 1983 provides, in pertinent part: "Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ." In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978), the Supreme Court determined that municipalities are "persons" under § 1983 and that individuals can sue municipalities for damages on account of constitutional deprivations. Municipal liability only arises, however, where the alleged constitutional violation furthers a municipal policy or custom. *Id.* at 694; *see also Buffington v. Balt. Cnty., Md.*, 913 F.2d 113, 122 (4th Cir. 1990) ("Under general principles of § 1983, a municipality can be liable only when the municipality itself, through one of its policies or customs, causes the constitutional violation; municipal liability cannot be premised on respondeat superior or vicarious liability."). "Moreover, the municipal policy or custom must be the direct cause of—the 'moving force' behind—the constitutional violation." *Buffington*, 913 F.2d at 122.

Nowhere in the Complaint is it alleged that any purported "racial profiling" was in furtherance of a County policy or custom. Although the Complaint alleges that "Montgomery County . . . [and] the two officers in question are in fact using . . . the word 'pace' incorrectly," ECF No. 1 at 7, Mr. Olagbegi fails to explain how the purportedly improper usage of the "pacing" method to assess his speed is related to any policy or custom on the part of the County

to engage in racial profiling, nor how any "pacing" policy caused a constitutional violation. Accordingly, Mr. Olagbegi's § 1983 claim against the County will be dismissed.

### ii. Claims against Montgomery County Police Department

Federal Rule of Civil Procedure 17(b)(3) establishes that the capacity for an entity to sue or be sued is established by the law of the state where the Court is located. "Under Maryland law, it is well-established that county police departments are agents of the county and not treated as separate legal entities." *LaPier v. Prince George's Cnty., Md.*, No. 10-CV-2851 AW, 2011 WL 4501372, at *3 (D. Md. Sept. 27, 2011) (citing cases); *see also Hines v. French*, 157 Md. App. 536, 573, 852 A.2d 1047 (2004). Accordingly, the Court will dismiss Mr. Olagbegi's claims against the Police Department with prejudice.

### iii. Claims against Officer Bonturi, Sergeant Perkins, and Sergeant Kamensky

Mr. Olabegi's claims fare no better with respect to the remaining Defendants, for the simple reason that the Complaint fails to allege any facts that would allow the Court to draw any inferences that Defendants violated the Equal Protection Clause. To succeed on such a claim, a plaintiff is required to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003). Quite plainly, the Complaint does not allege any such facts. The vague assertions that Officers Bonturi and Sergeant Perkins engaged in "racial profiling" by issuing Mr. Olagbegi speeding tickets are insufficient to state a plausible claim for relief. And with respect to Sergeant Kamensky, the Complaint fails to allege any facts indicating his involvement in the complained-of events; the assertion that Sergeant Kamensky said that "he doesn't care if [Mr. Olagbegi] report[s] to internal affairs, or, [to the] county executive's office," ECF No. 1 at 10, in no way indicates that

Sergeant Kamensky engaged in any form of racial profiling. Mr. Olagbegi's § 1983 claims against these defendants will therefore be dismissed, and Mr. Olagbegi will be given an opportunity to amend his Complaint to allege facts that may support a claim for relief.

### 2. Plaintiff's Remaining Claims

In addition to his claim of racial profiling, Mr. Olagbegi asserts in his Complaint additional counts of (1) emotional and psychological distress, (2) extortion, (3) falsifying and manipulating evidence, and (4) harassment and intimidation. Even assuming Mr. Olagbegi could maintain such causes of action against these Defendants,[7] his Complaint still must be dismissed because it is wholly devoid of facts supporting these theories of recovery. The Complaint vaguely asserts that "no[] citizen should be subjected to profiling, harassment, and intimidation," that police should not be able to "get away with manipulation and fabrication of evidence," and that "rich individual[s] [should not be able to] get away with abuse of power, and, bribing the police to look the other way." ECF No. 1 at 9. Such obscure allegations are insufficient to withstand a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 547)).

Although Mr. Olagbegi's claims appear dubious as best, the Court will decline Defendants' invitation to dismiss the Complaint with prejudice and will allow Mr. Olagbegi the opportunity to amend it. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) ("The federal rule policy of deciding cases on the basis of the substantive rights . . . rather than on technicalities requires that [a] plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the

---

[7] *But see* ECF No. 5-1 at 8–13 (arguing that Defendants are entitled to public official immunity and that claims against Defendants cannot proceed absent compliance with notice provision of Maryland's Local Government Tort Claims Act).

defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim." (quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 360–67 (2d ed.1990)).

### B. Motion for an Injunction

Notwithstanding the Court's decision to give Mr. Olagbegi an opportunity to amend his Complaint, the Court will deny his Motion for an Injunction (ECF No. 12) with prejudice. Mr. Olagbegi seeks to have this Court enjoin the state court traffic proceedings pending against him. This Court, however, has no authority to enjoin such proceedings in these circumstances. *See Mitchum v. Foster*, 407 U.S. 225, 230–31, 92 S. Ct. 2151 (1972) ("[O]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Mr. Olagbegi has not shown, nor even argued, that any extraordinary circumstances warrant an injunction in this case.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 5) is GRANTED and Plaintiffs' Motion for an Injunction (ECF No. 12) is DENIED.

Dated: October 20, 2015

GEORGE J. HAZEL
United States District Judge